UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ELVIDO CARRILLO CARRILLO,
Petitioner,
v.
CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 26cv5976-LL-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Presently before the Court is Petitioner Elvido Carrillo Carrillo's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Response [ECF No. 4], and Petitioner filed a Traverse [ECF No. 5]. For the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States in 2023 without inspection. ECF No. 4-1 at 2, 4, 6. He is married with two minor children. Pet. ¶ 22. Petitioner has no criminal record. ECF No. 4-1 at 5.

On October 10, 2026, Petitioner was at a car wash when he was surrounded by several Immigration and Customs Enforcement agents. Pet. ¶ 23; ECF No. 4-1 at 3. The agents did not know Petitioner's identity until they encountered him. ECF No. 4-1 at 3–4.

After they "conducted records checks and confirmed there was no record of any legal crossing," the agents arrested Petitioner for being unlawfully present in the United States. *Id.* at 4; Pet. ¶ 24. Petitioner was subsequently sent to Otay Mesa Detention Center where he remains detained without bond. Pet. ¶ 24.

On October 20, 2026, Petitioner filed the instant Petition. Pet.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus to a petitioner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'").

## III. DISCUSSION

Petitioner claims that his arrest was unlawful because ICE failed to issue a warrant before arresting him as required by 8 U.S.C. § 1226(a). Pet. ¶¶ 27–35. Respondents acknowledge that Petitioner is detained subject to 8 U.S.C. § 1226(a) and do not oppose an order directing a bond hearing. ECF No. 4. However, Respondents oppose immediate release, contending that a warrant for Petitioner's arrest was issued, executed, and served the same day he was arrested. *Id.* at 3. In his Traverse, Petitioner argues that he was served a warrant after he was unlawfully arrested. ECF No. 5 at 2.

As a threshold matter, it is undisputed that Petitioner is subject to the discretionary detention procedures of 8 U.S.C. § 1226(a) because he is a noncitizen "present without admission who [was] apprehended in the interior of the United States[.]" *Rodriguez*

*Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Accordingly, the Court turns to Petitioner's contention that his arrest without a warrant was unlawful.

Section 1226(a) provides, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Section 1357 permits immigration authorities to arrest a noncitizen without a warrant under specific situations:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power *without warrant* . . . to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, *or* to arrest any alien in the United States, *if* he has *reason to believe* that the alien so arrested is in the United States in violation of any such law or regulation *and* is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States[.]

8 U.S.C. § 1357(a)(2) (emphasis added). "The 'reason to believe' requirement is the equivalent of 'the constitutional requirement of probable cause.'" *M-J-M-A- v. Hermosillo*, 822 F. Supp. 3d 1147, 1172 (D. Or. 2026) (quoting *Tejeda-Mata v. Immigr. Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980)). The corresponding implementing regulation is 8 C.F.R. § 287.8, which further demands "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). The regulation also provides that "[w]ith respect to an alien arrested and administratively charged with being in the United States in violation of law, the arresting officer *shall* adhere to the procedures set forth in 8 CFR 287.3 *if the arrest is made without a warrant*." 8 C.F.R. § 287.8(c)(2)(iv) (emphasis added).

Following a warrantless arrest, 8 C.F.R. § 287.3(a) provides that "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Section

287(a)(2) of the INA is codified as 8 U.S.C. § 1357(a)(2). Upon arresting a noncitizen without a warrant:

> [A] determination will be made *within 48 hours of the arrest*, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.

8 C.F.R. § 287.3(d) (emphasis added). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in section 287(a)(2) of the Act," he or she then has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained. *Id.*

Several district courts in the Ninth Circuit have found that a warrant issued within the forty-eight-hour window does not cure an *unlawful* warrantless arrest—i.e., a warrantless arrest made without adhering to 8 U.S.C. § 1357(a)(2). *See Diaz Escalante v. LaRose*, No. 3:26-CV-04259 LEK-AHG, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (finding that—despite an administrative warrant issued the same day as the petitioner's arrest—there was "ample evidence to support the inference that [the petitioner] was not likely to escape before a warrant could be obtained"); *Castro Chivalan v. LaRose*, No. 26-CV-04258-LEK-SBC, 2026 WL 2546609, at *5 (S.D. Cal. Aug. 27, 2026) (same); *see also M-J-M-A v. Hermosillo*, 822 F. Supp. 3d 1147, 1179 (D. Or. 2026) (concluding that "an arrest must be based on information known to the officers *at the time of the arrest* and particular to the person to be arrested" (emphasis added)); *Martinez Alaniz v. Slaughter*, No. CV-26-280-GF-BMM, 2026 WL 3091261, at *3 (D. Mont. Oct. 7, 2026) ("'[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*,' when arrests properly are made without a warrant based on an authorized officers' perception of likely escape." (quoting *Makuiza v. Wesling*, 826 F. Supp. 176, 180 (D. Me. 2026))).

/ / /

This Court agrees with the reasoning in *M-J-M-A*, *Diaz Escalante*, and *Castro Chivalan*.[1] Section 1357(a)(2) requires both that the arresting immigration officer have "reason to believe" that the noncitizen is (1) unlawfully present in the United States, *and* (2) likely to escape *before* a warrant can be obtained. 8 U.S.C. § 1357(a)(2) (emphasis added); *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) ("Section 1357(a)(2) requires that the arresting officers reasonably believe that the alien is in the country illegally *and* that [the noncitizen] 'is likely to escape before a warrant can be obtained for [his or her] arrest.'" (emphasis in original)); *M-J-M-A*, 822 F. Supp. 3d at 1172 ("Together, these standards mean that an immigration officer can know for *certain* that someone is present in violation of immigration laws, and *still* does not have authority to arrest them without a warrant or an individualized probable cause determination that the individual is 'likely to escape before a warrant can be obtained.'" (emphasis in original) (quoting 8 C.F.R. § 287.8(c)(2)(ii))).

First, the Court finds that although the arrest warrant was issued the same day as Petitioner's arrest, there is no indication that it was issued prior to his arrest. Respondents refer the Court to the Form I-213 for details of the arrest and issuance of the arrest warrant. ECF No. 4 at 3. The warrant for arrest is dated October 10, 2026 and states that it was read to Petitioner in Spanish. ECF No. 4-3 at 2. It also states that there is probable cause to believe Petitioner is removable from the United States based on "the execution of a

---

[1] The Court recognizes it has previously noted generally that "8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) provides the government forty-eight hours to issue a warrant if it determines that the noncitizen will remain in custody." *Villanueva Gonzalez v. Larose*, 26cv3180-LL-VET, 2026 WL 2076145, at *1 (S.D. Cal. July 17, 2026); *see also Garcia-Juarez v. Blanche*, No. 26cv3007-LL-DEB, ECF No. 18 at 3 (S.D. Cal. June 30, 2026) (same). However, in light of the Ninth Circuit's subsequent holding in *Rodriguez Vazquez*, which made clear that noncitizens arrested in the interior of the United States are subject to the procedures set forth in 8 U.S.C. § 1226(a), the Court disagrees that a post hoc warrant issued within forty-eight hours can cure a warrantless arrest that does not comply with 8 U.S.C. § 1357(a)(2).

charging document to initiate removal proceedings against the subject" and "statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." *Id.* However, the Court notes that the Notice to Appear—the "charging document to initiate removal proceedings"—cannot have preceded the arrest warrant or the arrest because it is dated October 12, 2026, which is two days after Petitioner's arrest. ECF No. 4-2 at 2. The Form I-213, which was dated October 12, 2026, states that ICE agents learned Petitioner's name and immigration status only after they encountered him washing his car, that they conducted a records check "and confirmed there was no record of any legal crossing," and then "ERO Officers took custody of all subjects and informed them they were under arrest for being unlawfully present" in the United States. ECF No. 4-1 at 3–5. Nothing in the Form I-213 states that Petitioner was served with an arrest warrant or that it was read to him in Spanish prior to his arrest.

Assuming—without deciding—that the arresting officer had probable cause to believe Petitioner was unlawfully present in the United States, the record before the Court lacks any evidence that the arresting agents had any "reason to believe" Petitioner was "likely to escape" before an administrative warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2). According to the Form I-213, there is no indication that an evaluation of flight risk was made. There is no description of Petitioner's demeanor. Thus, the only basis for arresting Petitioner was Respondents' belief that he was unlawfully present in the United States. ECF No. 4-1 at 3–4. However, the "belief that Petitioner was present in the United States unlawfully does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant." *Diaz Escalante*, 2026 WL 2364792, at *4 (citing *A.B.D. v. Wamsley*, No. 25-CV-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026)); *Vasquez Perdomo v. Mullin*, No. 2:25-CV-05605-MEMF-SP, 2026 WL 2751388, at *20 (C.D. Cal. Sept. 2, 2026) (rejecting belief that "an immigrant's legal status alone can form the basis for the likelihood-of-escape

/ / /

determination”). Therefore, Respondents’ warrantless arrest of Petitioner did not satisfy the two statutory requirements under Section 1357(a)(2) and was unlawful.

Respondents attempt to justify the validity of Petitioner’s warrantless arrest by pointing to the issuance of an administrative warrant the same day as Petitioner’s arrest. However, the Court finds that compliance with 8 C.F.R. § 287.3(d) within forty-eight hours following a noncitizen’s arrest fails to effectively “cure” a prior warrantless arrest made in violation of Section 1357(a)(2). Section 287.3(a) provides that “[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer.” 8 C.F.R. § 287.3(a). Notably, “section 287(a)(2) of the Act” refers to 8 U.S.C. § 1357(a)(2)—the provision outlining exceptions to the warrant requirement. 8 C.F.R. § 287.3(a); 8 U.S.C. § 1357(a)(2). Thus, when an immigration officer conducts a warrantless arrest “under the authority contained in [section 1357(a)(2)],” he or she has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained.” 8 C.F.R. §§ 287.3(a), (d). Read together, the arresting agent must first make a *lawful* warrantless arrest under Section 1357(a)(2) *and then* follow the procedures outlined in 8 C.F.R. § 287.3(a)–(d). *See Diaz Escalante*, 2026 WL 2364792, at *4 (“In any event, compliance with the procedural requirements under Section 287.3 says nothing about whether the preceding arrest itself complied with Section 1357(a)(2), and the regulation itself presumes a noncitizen’s arrest is made consistent with the statute.” (citation omitted)). Although Respondents issued a warrant the day of Petitioner’s arrest, the initial arrest was unlawful and, thus, cannot be cured by a warrant after the fact. *See M-J-M-A*, 822 F. Supp. 3d at 1158 (“An arrest cannot be justified after the fact.”); *Martinez Alaniz*, 2026 WL 3091261, at *3 (“This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country.” (internal quotation marks and citation omitted)).

/ / /

Therefore, the Court finds that Petitioner's warrantless arrest violates 8 U.S.C. § 1357(a)(2) and 8 U.S.C. § 1226(a) and, thus, does not justify his continued detention. Because providing Petitioner a bond hearing would not cure or remedy the violation of an unlawful warrantless arrest and detention Petitioner has already suffered as a result, the Court is persuaded that immediate release is the appropriate remedy. *See, e.g.*, *Diaz Escalante*, 2026 WL 2364792, at *4 (ordering immediate release); *Qu v. Janecha*, No. 5:26-CV-05419-CTS, 2026 WL 3034853, at *5 (C.D. Cal. Oct. 9, 2026) (same); *Mejia v. Warden*, No. ED CV 26-5705-E, 2026 WL 3019449, at *2 (C.D. Cal. Oct. 7, 2026) (same); *Pang v. Warden*, No. 26-CV-05047-LEK-JLB, 2026 WL 2925852, at *5 (S.D. Cal. Sep. 29, 2026) (same); *Gomez v. Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2–3 (E.D. Cal. July 16, 2026) (same).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus and **ORDERS** Respondents to immediately release Petitioner from custody.[2] The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: November 13, 2026

Honorable Linda Lopez
United States District Judge

[2] Petitioner requests attorney's fees pursuant to the Equal Access to Justice Act [Pet. at 8], which the Court DENIES WITHOUT PREJUDICE.